**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **AMERICARGO TRANS, LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:20-cv-00289** |
| | ) | |
| **CENTRAL FREIGHT LINES, INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff Americargo Trans, LLC (hereinafter called "Americargo"), by and through Counsel, files this Complaint against Defendant Central Freight Lines, Inc. (hereinafter called "Central").  In support thereof, Americargo shows the Court the following:

### Parties

1.      Plaintiff Americargo Trans, LLC is an Illinois corporation whose principal place of business is located at 1475 Louis Ave., Elk Grove Village, Illinois 60007.

2.      Americargo is engaged in the performance of intrastate and interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA").

3.      Central is a Texas corporation whose principal place of business is located at 5601 West Waco Drive, Waco, Texas 76710.

4.      Defendant Central's agent for service of process is Douglas Fletcher whose address is 9201 North Central Expressway, Suite 600, Dallas, Texas 75231.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1337.  This matter exceeds $75,000 in controversy, exclusive of interest and costs.

6.      Pursuant to 28 U.S.C. 1391(b), venue is proper in this district and division because the parties entered into a contract in Waco, Texas, and Central's principal place of business is within this district and division.

7.      This Court has personal jurisdiction over Central because Central's principal place of business is within this district and division, Central's business in Texas forms a part of the conduct at issue in this case, Central is a Texas Corporation, and Central continuously and systematically does business in Texas.

**Count I**

**Breach of Contract**

8.      On or about June 13, 2016, Central and Americargo entered into a contract ("Contract").  Appendix A.

9.      Pursuant to the Contract, Central agreed to tender to Americargo on a non-exclusive basis, shipments consisting of certain goods for transport between points within North America.  Appendix A, ¶1.

10.      Pursuant to the Contract, every shipment tendered to Americargo by Central was physically transported by Central from point of origin to the point of tendering the cargo to Americargo or would be physically transported by Central from the point of transfer of the cargo from Americargo to Central to the point of destination.  Appendix A, ¶2.

11.     Pursuant to the Contract, Central agreed to pay Americargo for the transportation of shipments under the Contract in accordance with the rates described within 30 days of delivery.  Appendix A, ¶15.

12.     Pursuant to the Contract, between September 2019 and January 2020, Americargo transported shipments for Central, for which Central failed to fully compensate Americargo.  The present amount due and owing under the Contract is $541,062.64.  *See* Appendix B, C.

13.     With respect to each of the shipments, Central prepared detailed statements entitled "Central Freight Lines, Inc. Operator Settlement" ("Statements").  These Statements show among other things the dates, origins, destinations, rates, loads, and other details of each shipment.  Central calculated the "net amount due owner" on each Statement.  Even though Central's own Statements show that $541,062.64 remains due and owing, Central has failed to make payment and this amount remains unpaid.

14.     The Contract is to be construed according to federal law governing transportation and the laws of the State of Texas.  Under the Contract, Americargo may recover from Central all costs, expenses, and attorneys' fees incurred in prosecuting this action.  *See* Appendix A, ¶30.

15.     Americargo was required to retain the undersigned attorneys to prosecute its claim against Central, and Americargo has agreed to pay reasonable and necessary fees and costs to its attorneys to prosecute this action.  Americargo is entitled to recover its reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

WHEREFORE, Plaintiff Americargo Trans, LLC prays to the Court for Judgment as follows:

1. That Judgment be entered against Defendant Central Freight Lines, Inc. and that Americargo be awarded $541,062.64 for otherwise identified and unpaid freight charges;

2. That Americargo have and recover its reasonable and necessary attorneys' fees and expenses incurred in prosecuting this action;

3. That Americargo be awarded pre- and post-Judgment interest and costs of this suit; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Vic. H. Henry*
Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
  **A Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

**ATTORNEYS FOR PLAINTIFF**
**AMERICARGO TRANS, LLC**